IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Nicholas Alec Brown, | ) | |
| | ) | C/A No. 8:13-168-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kevin Atkins, Det.; Ben Chapman, Investigator, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Nicholas Alec Brown ("Plaintiff"), a state prisoner proceeding *pro se* brings this action under 42 U.S.C. § 1983. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge.[1] On January 30, 2013, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report") recommending that the Complaint be dismissed without prejudice. (Dkt. No. 10). The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (Dkt. No. 10 at 6). Plaintiff filed objections to the Magistrate Judge's Report on February 21, 2013. (Dkt. No. 12).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court

---

[1] The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge recommended that the Plaintiff's Complaint be dismissed without prejudice. As noted above, Plaintiff filed objections to the Report which the Court has carefully reviewed. However, most of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Report or merely restate Plaintiff's claims.

However, the court was able to glean one specific objection. Plaintiff contends that he is asking the court to recognize that he filed this action at this time, so that in the future if he successfully invalidates his conviction, a civil action against Defendants will not be barred by the statute of limitations. (Objections at 6).

Until the Plaintiff's conviction is set aside, any § 1983 action based on the conviction and sentence will be barred because of the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). However, as the Magistrate Judge in her Report correctly noted, the limitations period would not begin to run until the cause of action accrues. (Report at 5 n.1). *See Benson v. New Jersey State Parole Bd.*, 947 F.Supp. 827, 830 & n. 3 (D.N.J.1996) (holding "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F.Supp. 672, 685–88 (E.D.Va. 1994). Accordingly, Plaintiff's objection is without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections are without merit.

Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Plaintiff's Complaint is **DISMISSED** without prejudice.

    **IT IS SO ORDERED.**

        s/Timothy M. Cain
        United States District Judge

March 6, 2013
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.